1
2
3              UNITED STATES DISTRICT COURT
4            NORTHERN DISTRICT OF CALIFORNIA
5                   SAN JOSE DIVISION
6

7    PROTERAS CO., LTD.,                    Case No.  25-mc-80253-BLF
8                    Plaintiff,
9            v.                             **ORDER GRANTING APPLICATION
                                            TO AUTHORIZE FOREIGN
10   GOOGLE LLC,                            DISCOVERY**
11                   Defendant.             [Re:  ECF No. 1]
12

13          On August 22, 2025, Applicant Proteras Co., Ltd. ("Applicant"), filed an *ex parte*

14   application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain

15   limited discovery from Google LLC ("Google") in connection with an anticipated legal action in

16   Japan.  *See* ECF No. 1 ("App.").  The Court ordered Applicant to serve Google with the

17   application and set a deadline of September 26, 2025 for Google to respond.  ECF No. 8.  Google

18   has not submitted any response.  For the reasons set forth below, the Court GRANTS Applicant's

19   application.

20   **I.    BACKGROUND**

21          Applicant is a Japanese corporation that provides a paid service collecting analytics data at

22   pachinko stores across Japan.  ECF No. 2, Declaration of Kazuhito Ozawa ("Ozawa Decl.") ¶ 4.

23   Applicant contracts with pachinko stores.  *Id.*  Pachinko is a popular, pinball-like game in Japan.

24   *Id.*  The contracted stores provide the collected analytics data to users who have agreed to the

25   store's Terms of Use, which were established by Applicant to protect its data.  *Id.*  Section 1 (16)

26   of the Terms of Use prohibits "Collecting or accessing data without authorization in a manner the

27   Company and Proteras Co., Ltd. deem scraping or activities of a similar nature." Ozawa Decl. ¶ 4,

28   Ex. A; ECF No. 3, Declaration of Koji Yamada ("Yamada Decl." ) ¶ 4; ECF No. 4, Declaration of

United States District Court
Northern District of California

1  Aiko Reynolds ("Reynolds Decl."), Ex C.

2        Applicant has recently become aware that Min-Repo, a popular Japanese pachinko data

3  website, has been engaging in unauthorized web-scraping and collecting the pachinko analytics

4  data from the Applicant's customers' websites in breach of the Terms of Use.  Ozawa Decl. ¶ 5;

5  Yamada Decl. ¶ 5.  Min-Repo has also been publishing the scraped data for commercial purposes,

6  which attracts user traffic and drives revenue through advertisements served via Google AdSense.

7  Ozawa Decl. ¶¶ 5–6. Yamada Decl. ¶ 5.

8        Applicant's Japanese attorney, Kazuhito Ozawa, represents that Min-Repo's conduct

9  constitutes breach of contract and unlawful business interference under Japanese law. Ozawa Decl.

10 ¶ 7.  Applicant intends to bring a lawsuit in Japan against the person associated with the Google

11 AdSense account as soon as Applicant learns their identity.  *Id.* ¶ 7.  Applicant further explains

12 that in order to identify and litigate against the person who committed unlawful acts against

13 Applicant, Applicant must first obtain discovery relating to the Google AdSense and any other

14 associated Google accounts.  *Id.* ¶ 8.

## II.    LEGAL STANDARD

16        In relevant part, § 1782 provides:

> The district court of the district in which a person resides or is found may order him
> to give his testimony or statement or to produce a document or other thing for use
> in a proceeding in a foreign or international tribunal, including criminal
> investigations conducted before formal accusation. The order may be made . . .
> upon the application of any interested person and may direct that the testimony or
> statement be given, or the document or other thing be produced, before a person
> appointed by the court.

21 28 U.S.C. § 1782(a).

22        As construed by the Supreme Court, § 1782 "authorizes, but does not require" a district

23 court to permit discovery for use in a foreign proceeding.  *Intel Corp. v. Advanced Micro Devices,*

24 *Inc.*, 542 U.S. 241, 255 (2004).  "Section 1782's statutory language has been distilled to permit

25 district courts to authorize discovery where three general requirements are satisfied: (1) the person

26 from whom the discovery is sought 'resides or is found' in the district of the district court where

27 the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international

28 tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested

1    person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C.

2    § 1782(a)).

3    "[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still

4    retains substantial discretion to permit or deny the requested discovery."  *Khrapunov*, 931 F.3d at

5    926 (citing *Intel*, 542 U.S. at 264-65).  "This discretion is guided by the Supreme Court's

6    articulation in *Intel* of four non-exclusive factors: (1) whether 'the person from whom discovery is

7    sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the

8    character of the proceedings underway abroad, and the receptivity of the foreign government or

9    the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a)

10   request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

11   a foreign country or the United States;' and (4) whether the discovery requests are 'unduly

12   intrusive or burdensome.'"  *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir.

13   2024) (quoting *Intel*, 542 U.S. at 264-65).

14   **III.    DISCUSSION**

15   **A.    Statutory Requirements**

16   The application satisfies the three statutory requirements of § 1782.  With respect to the

17   first requirement that the respondent be found in the district, "[a] business entity is 'found' in the

18   judicial district where it is incorporated or headquartered."  *See Illumina Cambridge Ltd.*

19   *v. Complete Genomics, Inc., et al.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19,

20   2020) (collecting cases).  Google is headquartered in Mountain View, California, *see* Ozawa Decl.

21   ¶ 14, which is in this district, *see United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017

22   (N.D. Cal. 2023) ("Google's headquarters are in Mountain View, California, which is located

23   within the geographic boundaries of the Northern District of California.").

24   The second requirement, that the discovery is for use in a foreign proceeding, is satisfied

25   here because Applicant seeks the discovery to aid it in litigating an anticipated lawsuit in Japan.

26   *See* Ozawa Decl. ¶¶ 7–8.  The proceedings need not be already pending; it is sufficient that the

27   proceedings are "within reasonable contemplation."  *Intel*, 542 U.S. at 258–59.

28   With respect to the third requirement, that the application be made by a foreign tribunal or

1    any "interested person," a litigant in the foreign proceeding is an "interested person" for purposes

2    of § 1782.  *See id.* at 256.  Applicant is the Plaintiff in the anticipated litigation in Japan and

3    accordingly is an interested person under § 1782.

4        Having concluded that the statutory requirements are satisfied, the Court turns to whether

5    the discretionary *Intel* factors weigh in favor of granting the application.

6        **B.    Discretionary *Intel* Factors**

7        The first *Intel* factor asks whether the respondent is a participant in the foreign action.

8    "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional

9    reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a)

10   aid."  *Intel*, 542 U.S. at 264.  Google is not a party to the prospective lawsuit in Japan.  Ozawa

11   Decl. ¶ 14.  The documents Applicant seeks are in the United States and are therefore outside the

12   Japanese court's jurisdiction.  App. at 5.

13       Under the second *Intel* factor, the district court "may take into account the nature of the

14   foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

15   foreign government or the court or agency abroad to U.S. federal-court judicial assistance."  *Intel*,

16   542 U.S. at 264.  Here, according to Attorney Ozawa, who is licensed to practice law in Japan, it is

17   "crucial" for Applicant to conduct discovery to determine the identity of the person who has

18   committed unlawful acts against Applicant under Japanese law.  Ozawa Decl. ¶¶ 7–8.  Japanese

19   law does not allow "John Doe defendant" in civil litigation.  *Id.* ¶ 16.  Applicant must state the

20   names and physical addresses of all of the parties to commence litigation under Japanese law.  *Id.*

21   Accordingly, without first conducting discovery, Applicant cannot initiate litigation.  *Id.*

22       The third *Intel* factor asks whether the request for discovery is an attempt to circumvent

23   foreign proof-gathering restrictions or other policies of the foreign country or the United States.

24   *See Intel*, 542 U.S. at 265.  Attorney Ozawa indicates that the requested discovery would not

25   conflict with any restrictions or policies under the laws of Japan.  *See* Ozawa Decl.  ¶ 15.  Nor

26   does the discovery request appear to be an attempt to circumvent the laws or policies of either

27   Japan or the United States.

28       The fourth *Intel* factor asks whether the requested discovery is unduly intrusive or

United States District Court
Northern District of California

burdensome.  *See Intel*, 542 U.S. at 265.  The Court finds that the subpoena Applicant wishes to serve on Google is narrowly tailored to obtain information necessary to identify and litigate against the individual who breached Applicant's Terms of Use.  Other courts in this district have allowed the service of similar subpoenas on Google  pursuant to § 1782.  *See, e.g., Med. Corp. Seishinkai v. Google LLC*, No. 5:22-MC-80282-EJD, 2023 WL 3726499 (N.D. Cal. May 30, 2023).  To the extent Google believes that any of the information sought by Applicant is confidential or proprietary, Google can bring a motion to quash or the Parties can enter a protective order.  *See In re Illumina Cambridge Ltd.*, 2019 WL 5811467, at *5.

Having considered the four *Intel* factors, the Court, in the exercise of its discretion, finds it appropriate to grant the application.

## IV.    ORDER

1.  The application for leave to take limited discovery from Google LLC pursuant to 28 U.S.C. § 1782 is GRANTED.

2.  The applicant IS AUTHORIZED to issue and serve on Google LLC a subpoena for production of documents that is substantially similar to the proposed subpoena (ECF No. 6 at 2–6).

3.  The Clerk of the Court shall close the file.

4.  The Court retains jurisdiction over this matter.

Dated:  September 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5